IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ANNA FERNANDEZ WILLIS,**<br><br>      Plaintiff,<br><br>v.<br><br>**RILEY HERBERT WILLIS III,**<br><br>      Defendant. | Case No. |

**FEDERAL COMPLAINT WITH JURY DEMAND**

NOW COMES Plaintiff Anna Fernandez Willis ("Plaintiff"), by and through her undersigned attorney of record, and for her cause of action against the above-named Defendant, alleges and shows claims for relief as follows:

**I.    PRELIMINARY STATEMENT**

1.  This is a diversity of citizenship action brought under 28 U.S.C. § 1332 and the laws of the State of Alabama to hold the Defendant, Riley Herbert Willis III ("Defendant") accountable for his heinous, evil, abhorrent, unprovoked, and violent attack on his wife, Anna Fernandez Willis ("Plaintiff").

2.  Defendant, unprovoked and for reasons unknown, poured accelerant over his wife, Anna, while she slept at 3:00 A.M. in her home that she shared with Defendant on the night of August 8, 2023, and set her on fire, nearly killing her and causing third and fourth degree burns to over 60% of her body. To this day, Anna has had over twenty surgeries because of the attack and must undergo an undetermined amount more. Anna remains disfigured at the hands of Defendant and requires around-the-clock care.

1

3. This complaint is timely filed within six years after the assault on Plaintiff, pursuant to Ala. Code § 6-2-34 (2024) of the Code of Alabama, which states as follows:

> The following must be commenced within six years:
> **(1) Actions for any trespass to person or liberty, such as false imprisonment or assault and battery**;
> (2) Actions for any trespass to real or personal property;
> (3) Actions for the detention or conversion of personal property;
> (4) Actions founded on promises in writing not under seal;
> (5) Actions for the recovery of money upon a loan, upon a stated or liquidated account or for arrears of rent due upon a parol demise;
> (6) Actions for the use and occupation of land;
> (7) Motions and other actions against the sureties of any sheriff, coroner, constable, or any public officer and actions against the sureties of executors, administrators, or guardians for any nonfeasance, misfeasance, or malfeasance, whatsoever, of their principal, the time to be computed from the act done or omitted by their principal which fixes the liability of the surety;
> (8) Motions and other actions against attorneys-at-law for failure to pay over money of their clients or for neglect or omission of duty; and
> (9) Actions upon any simple contract or speciality not specifically enumerated in this section.

## II. JURISDICTION

4. This claim is brought under Diversity of Citizenship, 28 U.S.C §1332. This Court has jurisdiction to hear this claim under 28 U.S.C. §1332. Plaintiff is a citizen of Maine. Defendant is a citizen of Alabama. The matter in controversy exceeds $75,000.00. Venue is proper in this District.

5. The case originated in Alabama; thus, Alabama substantive law applies.

## III. THE PARTIES

6. Plaintiff is a resident of Androscoggin County, Maine.

7. Defendant is a resident of Morgan County, Alabama, and is incarcerated at the Morgan County jail, without bail, awaiting criminal trial for his attack on his wife, Plaintiff.

## IV.  FACTS

8. Plaintiff and Defendant are married.

9. Plaintiff and Defendant shared a home in Decatur, AL, and were married at the time of incident.

10. Plaintiff worked full-time for Wolverine Industries in Decatur, AL, and is unable to return to work because of the injuries inflicted upon her by Defendant.

11. Defendant receives a VA military disability pension.

12. Plaintiff and Defendant share no children together.

13. On August 8, 2023, at approximately 3:00 a.m., Defendant recklessly, intentionally, knowingly, and maliciously, attacked his wife, Plaintiff, while she slept, by pouring accelerant over her body and bed and lighting her on fire.  Plaintiff suffered burns to over 60% of her body, barely escaping the incident with her life were it not for her adult son finding her in distress and using his clothing to attempt to stop the fire from burning her further and killing her. Plaintiff has had twenty surgeries since the incident and remains unable to care for herself.  She requires around-the-clock care with no clear expected timeframe of recovery.  Defendant was found hiding in a neighboring apartment within the same complex he shared with his wife and was arrested on site and has been jailed without bond since the incident.

14. Defendant was charged in Alabama with Arson in the First Degree, Ala. Code § 13A-7-41.

15. Defendant was charged in Alabama with Domestic Violence in the First Degree, Ala. Code § 13A-6-130.

16. Defendant is being held without bail for this attack in Morgan County, AL, at the Morgan County jail.

17. Plaintiff returned home to Maine after the attack so that her family may care for her.

## COUNT I:  ASSAULT

18. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-17, as if fully set forth herein.

19. Alabama Code allows for this civil action for assault to proceed. Per Ala. Code § 6-5-370:

> For any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender."

20. Domestic Violence in the First Degree is a felony under Alabama Code. Ala. Code § 13A-6-130.  Domestic Violence in the First Degree includes the felony crime of Assault in the First Degree, § 13A-6-20.

21. Defendant is incarcerated in the Morgan County, AL, jail and is charged with First Degree Arson and First Degree Domestic Violence for his violent, intentional, and malicious assault on Plaintiff, his wife.

22. Alabama Code allows for an uncapped punitive damages award because Defendant's assault against Plaintiff was done deliberately and with malice. Per Ala. Code § 6-11-20(a), which states as follows:

> (a) Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.
> (b) As used in this article, the following definitions shall apply:

(1) FRAUD. An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.
(2) MALICE. The intentional doing of a wrongful act without just cause or excuse, either:
a. With an intent to injure the person or property of another person or entity, or
b. Under such circumstances that the law will imply an evil intent.
(3) WANTONNESS. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.
(4) CLEAR AND CONVINCING EVIDENCE. Evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.
(5) OPPRESSION. Subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

23. Defendant assaulted Plaintiff by intentionally spraying an accelerant over his wife's (Plaintiff) body and bed while she slept at 3:00 a.m. and then intentionally and with malice lit the accelerant, causing a fire to consume Plaintiff.

24. Defendant assaulted Plaintiff by intentionally starting a fire in Plaintiff's house, causing substantial damage.

25. Plaintiff received third and fourth degree burns to over 60% of her body as a result of this unprovoked, vicious attack by Defendant.

26. Defendant's actions were planned and intentionally and maliciously committed to inflict serious pain, permanent disfigurement, or death upon Plaintiff.

27. Plaintiff remains unable to care for herself since this August 2023 vicious attack and has had 20 surgeries since 2023, with an indeterminate number of additional surgeries required.

28. Plaintiff is currently living in assisted living at Market Square in South Paris, ME, and her parents are working to get her admitted to a better facility specializing in burn care.

29. Plaintiff is in extreme, horrible, excruciating, constant pain 24/7 and remains disfigured because of Defendant's unprovoked attack on her.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment on Count I in her favor, award her damages, costs, attorney's fees, punitive damages costs, and such other relief as is deemed just and proper.

## COUNT II: DOMESTIC VIOLENCE

30. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-29, as if fully set forth herein.

31. Domestic violence is a felony under Alabama Code. Ala. Code § 13A-6-130.

32. Alabama Code allows for this civil action for domestic violence. Per Ala. Code § 6-5-370. See Willis Federal Complaint ¶ 19.

33. Defendant is incarcerated in the Morgan County, AL, jail and is charged with First Degree Arson and First Degree Domestic Violence for his violent, intentional, and malicious assault on Plaintiff, his wife.

34. Alabama Code allows for an uncapped punitive damages award because Defendant's domestic violence against Plaintiff was done deliberately and with malice. Ala. Code § 6-11-20(a). See Willis Federal Complaint ¶ 20.

35. Defendant committed domestic violence against Plaintiff because he assaulted his wife by pouring accelerant over her body and lighting her on fire, causing third and fourth degree burns to over 60% of her body. At the time of the assault, Plaintiff was Defendant's wife and a family member.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment on Count II in her favor, award her damages, costs, attorney's fees, punitive damages costs, and such other relief as is deemed just and proper.

### **COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

36. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-35, as if fully set forth herein.

37. This count, IIED, is timely filed within two years after the assault on Plaintiff (08/08/2023), pursuant to Ala. Code § 6-2-38(1), which states as follows:

> a) An action by a representative to recover damages for wrongful act, omission, or negligence causing the death of the decedent under Sections 6-5-391 and 6-5-410 must be commenced within two years from the death.
> (b) All actions by common carriers of property subject to Chapter 3 of Title 37 for recovery of their charges, or any part thereof, shall be begun within two years from the time the cause of action accrues and not after.
> (c) For recovery of charges, action shall be begun against common carriers of property by motor vehicles subject to this article within two years from the time the cause of action accrues and not after, except as provided in subsection (d) of this section; provided, that if claim for the overcharge has been presented in writing to the carrier within the two-year period of limitation, said period shall be extended to include six months from the time notice in writing is given by the carrier to the claimant of disallowance of the claim, or any part or parts thereof, specified in the notice.
> (d) If on or before the expiration of the two-year period of limitation in subsection (c) of this section, a common carrier by motor vehicle subject to Chapter 3 of Title 37 begins action under subsection (c) of this section for recovery of charges in respect of the same transportation service or, without beginning action, collects charges in respect of that service, said period of limitation shall be extended to include 90 days from the time such action is begun or such charges are collected by the carrier.
> (e) The cause of action in respect of a shipment of property shall, for the purpose of subsections (b) through (f) of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier and not after.

(f) The term "overcharges" as used in subsections (b) through (e) of this section shall mean charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the Public Service Commission.
(g) Any action brought under Section 25-5-11(b) must be brought within two years of such injury or death.
(h) All actions for malicious prosecution must be brought within two years.
(i) All actions for seduction must be brought within two years.
(j) All actions qui tam or for a penalty given by statute to the party aggrieved, unless the statute imposing it prescribes a different limitation, must be brought within two years.
(k) All actions of libel or slander must be brought within two years.
**(l) All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years**.
(m) All actions for the recovery of wages, overtime, damages, fees, or penalties accruing under laws respecting the payment of wages, overtime, damages, fees, and penalties must be brought within two years.
(n) All actions commenced to recover damages for injury to the person or property of another wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant, or employee under the doctrine of respondeat superior must be brought within two years.
(o) All actions commenced under Section 6-5-411 to recover damages for injury or damage to property of a decedent must be brought within two years.
(p) If any action is commenced before the time limited has expired, judgment is entered for the plaintiff and such judgment is arrested or reversed on appeal, the plaintiff or his legal representative may commence an action again within one year from the reversal or arrest of such judgment though the period limited may in the meantime have expired; and in like manner, if more than one judgment is arrested or reversed, an action may be recommenced within one year.

38. Alabama Code allows for this civil action for Intentional Infliction of Emotional Distress. Ala. Code § 6-5-370. See Willis Federal Complaint ¶ 19.

39. Arson in the First Degree is a felony under Alabama Code. Ala. Code § 13A-7-41.

40. Domestic violence is a felony under Alabama Code. Ala. Code § 13A-6-130.

41. Alabama recognized the tort of IIED in its 1980 *Inmon* decision. 394 So.2d 361 (Ala. 1980). Here, the Court recognized "the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress thereunder must be so severe that no reasonable person could be expected to endure it." *Id*. at 365. The Court defined "extreme" as "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.*

42. Alabama's Supreme Court referenced *Inmon* in its *Harrelson* decision in which the defendant entered his stepdaughter's room while she slept to sexually assault his stepdaughter's friend. *Harrelson v. R.J.,* 882 So.2d 317 (Ala. 2003). Here, the Court upheld a $50,000 award for IIED, finding against the defendant and finding that sexually assaulting an underage minor while she slept at his home rose to the level of IIED.

43. Plaintiff's Emotional Distress flows from Defendant's horrific, unprovoked, malicious attack against Plaintiff, his wife, while she slept in the marital home.

44. Defendant acted with the intent and malice to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his outrageous conduct.

45. Defendant's conduct was intentional and reckless when, in his own home that he shared with his wife, Plaintiff, he poured an accelerant all over Plaintiff and then lit her on fire, causing third and fourth degree burns on over 60% of her body, rendering her unable to live on her own without around-the-clock care from others.

46. Defendant engaged in conduct that was so evil, extreme, and outrageous, it exceeded all bounds of decency. Pouring accelerant on a spouse and lighting her on fire to kill her is extreme and "go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Inmon.*

47. Defendant's actions caused Plaintiff to suffer severe emotional distress as she was viciously and horrifically physically assaulted for no reason.

48. The emotional distress that the Plaintiff was experienced was so severe, no reasonable person could be expected to endure it.

49. Defendant was aware or should have known that his evil, intentional, reckless, extreme, and outrageous behavior would have a severe emotional effect on Plaintiff as it would on any reasonable person.

50. Defendant's conduct, as described in this Complaint, is so outrageous that it is not tolerated by civilized society, and he has been charged and indicted with crimes for his behavior.

51. As a direct and proximate result of the Defendant's evil, unreasonable, and unlawful actions, the Plaintiff has suffered and continues to suffer substantial past, current, and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, twenty surgeries since 2023 with an indeterminate amount of additional surgeries required, severe emotional distress, mental anguish, embarrassment, humiliation, disfigurement, and physical pain and suffering. Like *Harrelson* in which the Court found that a sexual assault while a victim slept rose to the level of IIED, Plaintiff requests this Court to find accordingly for IIED, as being burned alive while a person sleeps is equally as atrocious of a crime as being assaulted.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment on Count III in her favor, award her damages, costs, attorney's fees, punitive damages costs, and such other relief as is deemed just and proper.

## V.      PUNITIVE DAMAGES

52. Plaintiff incorporates all preceding paragraphs herein by reference.

53. Alabama Code allows for an uncapped punitive damages award because Defendant's assault and domestic violence against Plaintiff was done deliberately, with malice, wantonness, and oppression.

54. Per Ala. Code § 6-11-20(a), punitive damages may be awarded in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. See Willis Federal Complaint ¶ 22.

55. Under Alabama case law, "[p]unitive damages may be awarded for an assault, however, only upon proof that it was committed wrongfully and was accompanied by "insult or other circumstances of aggravation." *John R. Thompson & Co. v. Vildibill*, 211 Ala. 199, 202, 100 So. 139, 141 (1924).

56. "Circumstances of aggravation" include the manner in which the injury was inflicted if the offense was especially heinous, atrocious, or cruel compared to other offenses.

57. "Malice" is defined under § 6-11-20(a) as the intentional doing of a wrongful act without just cause or excuse, either (a) with an intent to injure the person or property of another person or entity, or (b) under such circumstances that the law will imply an evil intent.

58. "Wantonness" is defined under § 6-11-20(a) as conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

59. "Oppression" is defined under § 6-11-20(a) as subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

60. Under *Morris*, "[p]unitive damages are awarded to a plaintiff to punish a defendant for wrongful conduct and to protect the public by deterring or discouraging the Defendant and others from doing the same or similar wrongs in the future… [The] Plaintiff must have proven by clear and convincing evidence that the Defendant consciously or deliberately acted toward the Plaintiff with oppression, wantonness, or malice." *Morris v. Morris*, 144 So. 3d 328, 337 (2013).

61. *Morris* also defined "malice, oppression, and wantonness."

62. The Court defined "malice" as "the intentional doing of a wrongful act without just cause or excuse, either with an intent to injure the person or property of another person or entity or under circumstances that the law will imply an evil intent." *Id.*

63. The Court defined "oppression" as "causing a person to undergo cruel and unjust hardship in knowing disregard of that person's rights." *Id.*

64. The Court defined "wantonness" as "conduct that is carried on with a reckless or conscious disregard of the rights or safety of others." *Id.*

65. Per the Alabama Supreme Court, due process does not require that the Court apply a mathematic formula to determine punitive damages nor set a punitive damages award "solely on the basis of a high ratio." *Harrelson*, at 324 (upholding a punitive damages award of $2,000,000 on a $300,000 compensatory damages award). The Court stated that it "has refused to apply a rigid formula to or set an upper limit on the ratio of punitive damages to compensatory damages awarded by juries." *Id.*

66. Under Alabama code, punitive damages are uncapped "to actions for wrongful death or for intentional infliction of physical injury." Ala. Code § 6-11-21(j), which states as follows:

> (a) Except as provided in subsections (b), (d), and (j), in all civil actions where an entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater.
> (b) Except as provided in subsections (d) and (j), in all civil actions where entitlement to punitive damages shall have been established under applicable law against a defendant who is a small business, no award of punitive damages shall exceed fifty thousand dollars ($50,000) or 10 percent of the business' net worth, whichever is greater.
> (c) "Small business" for purposes of this section means a business having a net worth of two million dollars ($2,000,000) or less at the time of the occurrence made the basis of the suit.
>
> (d) Except as provided in subsection (j), in all civil actions for physical injury wherein entitlement to punitive damages shall have been established under applicable laws, no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or one million five hundred thousand dollars ($1,500,000), whichever is greater.
> (e) Except as provided in Section 6-11-27, no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct.
> (f) As to all the fixed sums for punitive damage limitations set out herein in subsections (a), (b), and (d), those sums shall be adjusted as of January 1, 2003, and as of January 1 at three-year intervals thereafter, at an annual rate in accordance with the Consumer Price Index rate.
> (g) The jury may neither be instructed nor informed as to the provisions of this section.
> (h) This section shall not apply to class actions.
> (i) Nothing herein shall be construed as creating a right to an award of punitive damages or to limit the duty of the court, or the appellate courts, to scrutinize all punitive damage awards, ensure that all punitive damage awards comply with applicable

13

> procedural, evidentiary, and constitutional requirements, and to order remittitur where appropriate.
> **(j) This section shall not apply to actions for wrongful death or for intentional infliction of physical injury.**
> (k) "Physical injury" for purposes of this section, means actual injury to the body of the claimant proximately caused by the act complained of and does not include physical symptoms of the mental anguish or emotional distress for which recovery is sought when such symptoms are caused by, rather than the cause of, the pain, distress, or other mental suffering.
> (l) No portion of a punitive damage award shall be allocated to the state or any agency or department of the state.

67. The U.S. Supreme Court also upholds a greater ratio of punitive damages where "a particularly egregious act has resulted in only a small amount of economic damages." *BMW of North America, Inc. v. Gore*, 517 U.S. 559. 582 (1996).

68. Defendant's conduct was done deliberately, intentionally, and with malice, wantonness, and oppression toward Plaintiff and was motivated by ill will toward Plaintiff.

69. In the alternative, Defendant engaged in deliberate conduct which, while motivated by something other than ill will toward Plaintiff, is so reprehensible that malice toward Plaintiff can be implied.

70. The actions of Defendant against the Plaintiff were conducted with (a) actual malice and/or (b) oppression, (c) wantonness, and (d) a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, thereby justifying an award of punitive damages to the fullest extent permitted by law.

71. Defendant's act of lighting his wife on fire while she slept was an intentional, wrongful act done with the intent to injure and which no excuse for doing so exists. Thus, this act was done with malice.

72. Defendant's act of lighting his wife on fire while she slept caused oppression to Plaintiff, as she underwent and continues to endure a cruel and unjust hardship that Defendant committed with conscious disregard of her rights. Plaintiff requires 24/7/365 care, is unable to care for herself, had twenty surgeries, and will require countless additional surgeries because of Defendant's assault. Defendant's act rises to the level of oppression under Alabama law.

73. Defendant's act of lighting his wife on fire while she slept was committed with wantonness, as burning his wife alive was done with reckless, conscious disregard for his wife's rights and safety.

WHEREFORE, Plaintiff respectfully requests the Court award her punitive damages and grant such other relief as is just and proper.

## VI. JURY DEMAND

Plaintiff demands a Jury on all matters triable to a jury in her Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff general damages in an amount to be shown at trial;

C. Award Plaintiff punitive damages in an amount to be shown at trial;

D. Award Plaintiff reasonable attorney's fees, costs and disbursements under Ala. Code § 6-11-3 (2024) and under *Toomey v. Riverside RV Resort, LLC,* 328 So.3d 228, 235 (2020);

E. Pre and post judgment interest; and

F. Grant Plaintiff such additional relief as the Court deems just and proper.

Dated in Augusta, Maine, on June 25, 2025.

        Respectfully Submitted,

        */s/ Stephen C. Smith*
        Stephen C. Smith, Esq., Bar No. 8720
        Attorney for Plaintiff
        STEVE SMITH Trial Lawyers
        191 Water Street
        Augusta, ME 04330
        T (207) 622-3711
        F (207) 707-1036
        Info@MaineTrialLaw.com