UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANNA FERNANDEZ WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00333-LEW |
| | ) | |
| RILEY HERBERT WILLIS, III, | ) | |
| | ) | |
| Defendant | ) | |

**<u>ORDER</u>**

Plaintiff Anna Fernandez Willis brought this action against Defendant Riley Herbert Willis, III, in connection with an assault that she alleges he perpetrated against her in 2023. When Defendant failed to appear or respond to the Complaint (ECF No. 1), Plaintiff moved this Court for default judgment (ECF No. 9). In reviewing that motion, I became aware of irregularities pertaining to service of process and jurisdiction, and ordered Plaintiff to show cause as to why the default that had been previously entered by the clerk should not be vacated (ECF No. 12). Following an evidentiary hearing on service and jurisdictional issues and having reviewed Plaintiff's responsive submissions, I am unable to avoid the conclusion that the Complaint should be DISMISSED without prejudice for lack of personal jurisdiction.[1]

---

[1] At the hearing on this matter, I heard testimony from the employee of the county jail in which Defendant is incarcerated about how process was served on Defendant. That testimony revealed several inconsistencies between the manner in which Defendant was served and what is required by the jail's policy. These inconsistencies are somewhat concerning to me, but because I conclude that this Court is not the proper forum for this case, I will not comment on the service issues further.

"Before granting default judgment, the Court has 'an affirmative duty' to ensure that it has jurisdiction 'over both the subject matter and the parties.'" *Strike 3 Holdings, LLC, v. Doe*, 757 F. Supp. 3d 99, 103 (D. Mass. 2024) (citation omitted); *see also Est. of Ungar & Ungar ex rel. Strachman v. Palestinian Authority*, 325 F. Supp. 2d 15, 45 (D.R.I. 2004) (collecting cases); Stephen S. Gensler, 2 Fed. R. Civ. P. Rules & Commentary § 55:17 (June 2025 Update) ("Before entering a default judgment, the court may—and maybe must—satisfy itself that it has personal jurisdiction over the absent defendant"). The purpose of this inquiry is "[t]o avoid entering a default judgment that can later be successfully attacked as void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void[.]" *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23 (1st Cir. 1992); *see also Value Based Consultants, LLC v. Ring MD USA, Inc.,* No. 24-cv-1596, 2025 WL 2848578 at *3 (D.P.R. Oct. 8, 2025) ("Whereas it remains true that, as a general rule, 'a district court has no authority, *sua sponte*, to dismiss for lack of personal jurisdiction'—the First Circuit has recognized a carve-out as it pertains to default judgment.") (citing *Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3-4 (1st Cir. 1988)).

According to the Complaint, Plaintiff and Defendant, who are married, resided together in Alabama in August 2023, when Defendant attacked Plaintiff by dousing her in accelerant and setting her on fire. Compl. ¶¶ 1, 2, 8, 9, 13. Plaintiff now resides in Maine. Compl. ¶ 6. Defendant is currently incarcerated in Alabama, awaiting trial on criminal charges related to this incident. Compl. ¶¶ 14-16. To establish this Court's jurisdiction

over the Defendant, Plaintiff points to Maine's long-arm statute, which provides for jurisdiction over non-residents "doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State," 14 M.R.S. § 704-A(2)(B), "to the extent authorized by [due process]," *Connolly v. Doucette*, 909 A.2d 221, 223 (Me. 2006). Due process imposes three requirements: (1) that "Maine has a legitimate interest in the subject matter of the litigation," (2) that "the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine," and (3) that a Maine court's exercise of jurisdiction "comports with traditional notions of fairplay and substantial justice." *Id.*; *see also Bickford v. Onslow Mem. Hosp. Found., Inc.*, 855 A.2d 1150, 1154-55 (Me. 2004).

It is the second of these that gives me pause. This prong "requires an examination of the defendant's contacts with the forum state." *Connelly*, 909 A.2d at 224. The Defendant's allegedly tortious conduct took place in Alabama, where both he and Plaintiff resided at the time, and where he is presently incarcerated. The only tether that ties this case to Maine is Plaintiff's decision to move here subsequently. Defendant could not have been "on notice that [he] was injuring a Maine resident," because Plaintiff was not a Maine resident when she was injured. *Bickford*, 855 A.2d at 1156.

Plaintiff argues that litigation in Maine was foreseeable to Defendant because of the nature of the assault and Plaintiff's longstanding family ties to Maine—in other words, that Defendant should have known that his assault would result in serious, long-term medical consequences for Plaintiff, and that she would return to Maine following the assault to seek the care and support of her family. But "[t]he commission outside the forum state of an act

3

that has consequences in the forum state is by itself an isufficient contact where all the events necessary to give rise to a tort claim occurred outside the forum state." *Bickford*, 855 A.2d at 1155-56 (internal citation omitted). Similarly, "[c]ontacts that result solely from 'the unilateral activity of another party' do not satisfy the minimum contacts requirement." *Murphy v. Keenan*, 667 A.2d 591, 594 (Me. 1995) (quoting *Heliocopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). And while Plaintiff's family ties to Maine may have made it foreseeable that she would experience some of the lasting consequences of her injuries here, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *Murphy*, 667 A.2d at 595 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Without anything more to connect the Defendant to this forum, I cannot conclude that he "could reasonably anticipate being haled into court in Maine."[2] *Bickford*, 855 A.2d at 1156.

I am sympathetic to the significant medical and financial obstacles that have led Plaintiff to file this action in Maine, instead of Alabama. But the hardship that litigating this case outside of Maine may bring for Plaintiff does not bear upon the sufficiency of "the *defendant's* contacts with the forum state." *Connelly*, 909 A.2d at 224 (emphasis added). The injuries that Plaintiff alleges she has suffered at Defendant's hands are severe and extensive, and she has every right to seek their vindication—in the proper forum.

---

[2] Because I have so concluded, I do not reach the third prong—"whether jurisdiction over [Defendant] would comport with traditional notions of fair play and substantial justice," *Connelly*, 909 A.2d at 225—which is ordinarily the defendant's burden to demonstrate, *see id*. at 223.

For these reasons, this matter is DISMISSED without prejudice to Plaintiff's ability to pursue these claims in a court that has jurisdiction to hear them.

SO ORDERED.

Dated this 24th day of March, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE